**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | | |
|---|---|---|
| NATIONAL HONEY PACKERS & DEALERS ASSOCIATION,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>        Defendant. | | Court No. 22-00194 |

## COMPLAINT

Plaintiff National Honey Packers & Dealers Association (also known as the "NHPDA," or "Plaintiff"), by and through the undersigned counsel, White & Case LLP, alleges and states as follows:

## ADMINISTRATIVE DECISION TO BE REVIEWED

1.      Plaintiff contests the final affirmative critical circumstances determination of the majority of the International Trade Commission ("Commission") with respect to Vietnam in the less-than-fair-value investigations of Raw Honey from Argentina, Brazil, India, and Vietnam (Inv. Nos. 731-TA-1560 and 1564).  *See Raw Honey from Argentina, Brazil, India, and Vietnam*, Inv. Nos. 731-TA-1560-62 and 1564, USITC Pub. 5327 (May 2022) (Final) ("Pub. 5327").  Notice of the Commission's final determination was published in *Raw Honey from Argentina, Brazil, India and Vietnam*, 87 Fed. Reg. 33831 (June 3, 2022) ("*Raw Honey Final FR Notice*").

## JURISDICTION

2.      The Court of International Trade has jurisdiction over this action pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i) and 28 U.S.C. § 1581(c).

**STANDING OF PLAINTIFF**

3.      Plaintiff is an association of U.S. importers and packers of merchandise subject to the antidumping order at issue.  Plaintiff participated in the Commission's injury investigation that resulted in the contested finding.  Plaintiff therefore is an "interested party" within the meaning of 19 U.S.C. § 1677(9)(A) and has standing to bring this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

**TIMELINESS OF THIS ACTION**

4.      The antidumping duty orders resulting from the Commission's affirmative injury determination were published in the *Federal Register* on June 10, 2022.  *Raw Honey from Argentina, Brazil, India, and the Socialist Republic of Vietnam: Antidumping Orders*, 87 Fed. Reg. 35501 (June 10, 2022) ("*Orders*").  Plaintiff filed its Summons on July 8, 2022, *i.e.*, within the 30 day time limit specified in 28 U.S.C. § 2636(c) and 19 U.S.C. § 1516a(a)(2)(A).  This complaint is being filed on August 5, 2022, *i.e.*, within 30 days of the filing of the Summons, and thus is timely under 19 U.S.C. § 1516a(a)(2)(A).

**PROCEDURAL HISTORY AND BACKGROUND**

5.      The Commission instituted the underlying preliminary injury investigation on April 21, 2021, following a petition filed by the American Honey Producers Association ("AHPA") and Sioux Honey Association ("SHA") (collectively, "Petitioners").  *Raw Honey Final FR Notice*, 87 Fed. Reg. at 33831.  Following its affirmative preliminary injury determination and preliminary affirmative less-than-fair-value findings by the Department of Commerce ("Commerce"), the Commission scheduled the final injury investigation on December 6, 2021.  *See Raw Honey From Argentina, Brazil, India, Ukraine, and Vietnam; Scheduling of the Final Phase of Anti-Dumping Duty Investigations*, 86 Fed. Reg. 70144, 70145 (Dec. 9, 2021).

2

6.      On December 3, 2021, Petitioners submitted to Commerce an allegation of critical circumstances with respect to imports of subject raw honey from Vietnam.  *Raw Honey From the Socialist Republic of Vietnam: Preliminary Affirmative Determination of Critical Circumstances in the Less-Than-Fair-Value Investigation*, 87 Fed. Reg. 2127 (Jan. 13, 2022).  Commerce made an affirmative preliminary critical circumstances finding on December 30, 2021.  *See id.*, 87 Fed. Reg. at 2130.  Commerce subsequently made a final affirmative critical circumstances finding on April 7, 2022.  *Raw Honey From the Socialist Republic of Vietnam: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances*, 87 Fed. Reg. 22184, 22186 (Apr. 14, 2022).

7.      Where Commerce makes an affirmative final determination of critical circumstances, the statute requires the Commission to make its own critical circumstances determination, and in particular, consider "whether the imports subject to {Commerce's} affirmative determination . . . are likely to undermine seriously the remedial effect of the antidumping duty order to be issued{.}" 19 U.S.C. § 1673d(b)(4)(A)(i).  In reaching its determination, "the Commission shall consider, among other factors it considers to be relevant – (I) the timing and volume of the imports, (II) a rapid increase in inventories of the imports, and (III) any other circumstances indicating that the remedial effect of the antidumping order will be seriously undermined."   19 U.S.C. § 1673d(b)(4)(A)(ii).

8.      During the final injury investigation proceedings, Plaintiff demonstrated, through its pre-hearing brief, testimony at the Commission's hearing, and its post-hearing brief, that imports of subject raw honey from Vietnam did not satisfy these statutory factors.  *See* Pub. 5327 at 43-44; *see also generally*, *Raw Honey from Argentina, Brazil, India, and Vietnam, Investigation Numbers 731-TA-1560-1562 and 1564 (Final): Post-Hearing Brief*, Apr. 19, 2022 at 12-15 ("NHPDA Post-Hearing Br."); *Raw Honey from Argentina, Brazil, India, and Vietnam, Investigation Numbers*

*731-TA-1560-1562 and 1564 (Final): Pre-Hearing Brief*, Apr. 5, 2022, at 84, Appendix A ("NHPDA Pre-Hearing Br.").

9.      In particular, Plaintiff cited to the fact that raw honey from Vietnam, unlike honey produced by the Petitioners, is used in commercial applications by industrial users and therefore does not compete with domestically-produced honey, and as a result, increased imports of the same could not "seriously undermine" the remedial effect of the order. *See* NHPDA Pre-Hearing Br., Appendix A at 10-12; NHPDA Post-Hearing Br. at 13.

10.      Likewise, Plaintiff demonstrated that such imports did not "massively increase" because they reflected seasonal patterns and unprecedented supply chain disruptions, and only accounted for a small portion of U.S. consumption.  NHPDA Pre-Hearing Br., Appendix A at 12-21; NHPDA Post-Hearing Br. at 12-13.

11.      Plaintiff further provided an analysis of inventories of Vietnamese subject raw honey, which supported a negative critical circumstances finding.  Specifically, such inventories had been sold off, reflecting high demand for this particular product, and were small in the context of the broader market for raw honey.  NHPDA Pre-Hearing Br., Appendix A at 21-24; NHPDA Post-Hearing Br. at 13.

12.      Finally, Plaintiff cited to "other circumstances," consistent with the statute, and including the U.S. industry's improved performance and inability to meet demand for raw honey, as well as the sharp drop in nonsubject imports – all of which supported a negative critical circumstances determination.  NHPDA Pre-Hearing Br., Appendix A at 21-24; NHPDA Post-Hearing Br. at 13. Moreover, Plaintiff countered claims by the Petitioners that imports of Vietnamese raw honey justified an affirmative critical circumstances determination.  NHPDA Post-Hearing Br. at 13-15.

13.      In its final determination, four Commissioners made an affirmative finding of critical circumstances with respect to imports of raw honey from Vietnam.  *See* Pub. 5327 at 3; *id.* at 3,

n.1.  One Commissioner, current Chairman David Johanson, dissented, endorsing many of the arguments put forth by Plaintiff.  *Id.* at 50-54.

14.     As a consequence of the final affirmative critical circumstances determinations by Commerce and the Commission, "retroactive duties will be applied to the relevant imports" for an additional "period of 90 days prior to the suspension of liquidation."  *Orders*, 87 Fed. Reg. at 35502.

## STATEMENT OF CLAIMS

### COUNT 1:  THE COMMISSION'S AFFIRMATIVE CRITICAL CIRCUMSTANCES DETERMINATION IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

15.     Paragraphs 5 through 13 are incorporated by reference.

16.     The Commission's affirmative critical circumstances determination, involving the finding that imports of Vietnamese raw honey would "undermine seriously the remedial effect of the order," was unsupported by substantial evidence.   Record evidence put forth by Plaintiff demonstrated that the increase in imports was seasonally consistent, sold off into the U.S. market, and did not compete with domestically produced honey.  Moreover, inventories of Vietnamese raw honey were not significant in light of their absorption into the large U.S. market for honey.

17.     In particular, "the plain meaning of the term 'undermine seriously' establishes a very high standard: that the surge in imports greatly and insidiously weakens or subverts the effects of the order." *See* Statement of Administrative Action ("SAA") to the Uruguay Round Agreements Act, H.R. Rep. No. 103-316, at 877 (1994).  This Court has further held that a determination that fails "to consider or discuss record evidence which supports an alternative conclusion" or "an important aspect of the problem" is not supported by substantial evidence and the "court will not accept" such a determination.  *See Jiaxing Brother Fastener Co. v. United States*, 380 F. Supp. 3d 1343, 1360-61 n.26 (Ct. Int'l Trade 2019) (citations omitted); *NSK Corp. v. United States*, 33 C.I.T.

5

1185, 1190, 637 F. Supp. 1311, (2009) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983)).

18.     Consequently, and in light of the record evidence submitted by Plaintiff and the failure of the majority to substantively consider or discuss the evidence supporting an alternative conclusion, substantial evidence did not support the conclusion that imports of Vietnamese raw honey would "undermine seriously" the remedial effect of the order.

## COUNT 2:  THE COMMISSION'S AFFIRMATIVE CRITICAL CIRCUMSTANCES DETERMINATION IS CONTRARY TO LAW

19.     Paragraphs 5 through 13 are incorporated by reference.

20.     The Commission's affirmative critical circumstances determination was otherwise not in accordance with law.  The statute explicitly requires the Commission, in making its critical circumstances determination, to consider "timing and volume of the imports," any "rapid increase in inventories of the imports," and "any other circumstances."  19 U.S.C. § 1673d(b)(4)(A)(ii).

21.     The Commission's treatment of these factors, considering the record evidence put forth by Plaintiff, was contrary to law.  This Court has held that, where an agency acts in a manner contrary to the plain language of the statute, *e.g.*, through an impermissible interpretation of statutory language or contrary to past practice, then it has acted contrary to law.  *See Asociación de Exportadores e Industriales de Aceitunas de Mesa v. United States*, 429 F. Supp. 3d 1325, 1341-42 (Ct. Int'l Trade 2020).  Here, The Commission's refusal to fully consider evidence put forth by Plaintiff with respect to these statutory factors, and in contradiction to other, previous critical circumstances findings, renders its affirmative critical circumstances determination contrary to law.

## **PRAYER FOR RELIEF AND JUDGMENT**

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Enter judgment in favor of Plaintiff;

(B) Hold and declare that the Commission's affirmative finding of critical circumstances regarding imports of raw honey from Vietnam was unsupported by substantial evidence and otherwise not in accordance with law;

(C) Remand this matter to the Commission with instructions to revise its final affirmative determination of critical circumstances, and consequently, to Commerce to revise the *Orders* in conformity with the Court's decision; and

(D) Grant Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,


 /s/ Gregory J. Spak
Gregory J. Spak
Jay C. Campbell
Ron Kendler
C. Alex Dilley

WHITE AND CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600


Date:  August 5, 2022

## CERTIFICATE OF SERVICE

I certify that on August 5, 2022, I electronically filed the foregoing Complaint with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following counsel of record:

Michael Kenneth Haldenstein
U.S. International Trade Commission
Office of the General Counsel
500 E Street, SW.
Washington, DC 20436
Email: michael.haldenstein@usitc.gov

Andrea C. Casson
U.S. International Trade Commission
Office of the General Counsel
500 E Street, SW.
Suite 707
Washington, DC 20436
Email: andrea.casson@usitc.gov


    /s/ Gregory J. Spak
    Gregory J. Spak

## NOTICE TO INTERESTED PARTIES

I hereby certify that the foregoing submission filed on August 5, 2022 was served on this 5th day of August 2022, via e-mail on the following parties:

Julie C. Mendoza, Esq.
Morris, Manning & Martin, LLP
1401 Eye Street, NW Suite 600
Washington, DC 20005
jmendoza@mmmlaw.com
tradeservice@mmmlaw.com

Minister Pablo Rodriguez Brizuela
Embassy of the Republic of Argentina
1600 New Hampshire Ave, NW
Washington,
DC 20009
eeeuu@mrecic.gov.ar

Aluisio Gomien de Lima Carmpos,
Economic Advisor Embassy of Brazil
3006 Massachusetts Avenue, N.W.
Washington, DC 20008
Aluisio.Campos@itamaraty.gov.br

R. Alan Luberda, Esq.
Kelley Drye & Warren LLP
Washington Harbour Suite 400
3050 K Street, NW
Washington, DC 20007
aluberda@kelleydrye.com
tradenotifications@kelleydrye.com

Daniel J. Cannistra, Esq.
Crowell & Moring LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2595
dcannistra@crowell.com
intltrade@crowell.com

Richard Ferrin
Faegre Drinker Biddle Reath LLP
1500 K Street, NW
Washington, D.C. 20005
Richard.ferrin@faegredrinker.com

Jeffrey S. Neeley
Husch Blackwell
750 17th Street, NW Suite 900
Washington, DC 20006
jeffrey.neeley@huschblackwell.com

Gregory Husisian
Foley & Lardner LLP
3000 K Street NW
Washington, DC 20007
August 4, 2022
ghusisian@foley.com
jcscott@foley.com

/s/ Gregory J. Spak
Gregory J. Spak